**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **ANA RAMIREZ, AND ALL OTHERS SIMILARLY SITUATED** **Plaintiffs,** | ) | **CIVIL ACTION FILE NO.** |
| **v.** | ) | |
| **DON DYER INDIVIDUALLY, BRENT SOUTHWELL INDIVIDUALLY, FLOYD MAHANAY INDIVIDUALLY, AND PROFESSIONAL JANITORIAL SERVICE OF HOUSTON, INC.** **Defendants.** | ) | **JURY DEMANDED** |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Now come Plaintiff, ANA RAMIREZ, and all others similarly situated and complain of Defendants DON DYER INDIVIDUALLY, BRENT SOUTHWELL INDIVIDUALLY, FLOYD MAHANAY INDIVIDUALLY, AND PROFESSIONAL JANITORIAL SERVICE OF HOUSTON, INC. (hereinafter referred to as "Defendants") and for cause of action would show the Court as follows:

## I.
## INTRODUCTION

1. This is a collective action suit to recover unpaid overtime wages brought under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

2. This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre-judgment and post-judgment interest for Defendant's willful

failure to pay overtime pursuant to 29 U.S.C. § 216(b) for Plaintiff ANA RAMIREZ, and all others similarly situated, in the course of their employment with the Defendant.

3. Plaintiff ANA RAMIREZ, and all others similarly situated demand a jury on all issues triable to a jury.

4. This action is authorized and instituted pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*. and state common law.

**II.**
**JURISDICTION AND VENUE**

5. Plaintiff ANA RAMIREZ, on behalf of herself and the Plaintiff class, brings this action to recover unpaid overtime compensation from the Defendants pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

6. This Court also has jurisdiction of these claims pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1367.

7. Venue is proper in the Southern District of Texas under 28 U.S.C. § 1441(a).

**III.**
**PARTIES**

8. Plaintiff ANA RAMIREZ, is a resident of Houston, Harris County, Texas.

9. Defendant DON DYER, is an individual who may be served at his place of business at 4700 Island Cove, Austin, Texas 78731.

10. Defendant BRENT SOUTHWELL, is an individual who may be served at his place of business at 2303 Nance Street, Houston, Texas 77020.

11. Defendant FLOYD MAHANAY, is an individual who may be served at his place of business at 2303 Nance Street, Houston, Texas 77020.

12. Defendant PROFESSIONAL JANITORIAL SERVICE OF HOUSTON, INC. is a validly existing Texas corporation located at 2303 Nance Street, Houston, Texas 77020. Service of process may be affected upon said Defendant by serving its registered agent for service of process: Mr. Brent Southwell, 2303 Nance Street, Houston, Texas 77020, or wherever he may be found.

13. Whenever in this complaint it is alleged that any or all of the above named Defendants committed any act or omission, it is meant that Defendants' officers, directors, vice-principals, agents, servants, or employees committed such act or omission and that at the time such act or omission was committed, it was done with the full authorization, ratification or approval of each Defendant or was done in the routine normal course and scope of employment of Defendants' officers, directors, vice-principals, agents, servants, or employees.

## IV.
## CLASS ALLEGATIONS

14. Plaintiff ANA RAMIREZ files this case as an "opt-in" class action as specifically allowed by 29 U.S.C. § 216(b).

15. The class that Plaintiff ANA RAMIREZ seeks to represent may be described as follows:

> All current and former employees of each of the above named Defendants who worked as a 'janitor', 'cleaner', 'custodian' or any other non-exempt hourly employee 1) who worked at any locations or worksites for Defendants and 2) who either claim they were misclassified as exempt from overtime compensation, or were classified as non-exempt yet not paid all overtime pay and wages owed to them.

16. Plaintiff ANA RAMIREZ seeks to represent only those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided

consent in writing to be represented by Plaintiff ANA RAMIREZ counsel as required by 29 U.S.C. § 216(b).

17. Those individuals who choose to opt in, hereinafter referred to as the "Plaintiff class" will be listed on subsequent pleadings and copies of the written consents to sue will be incorporated hereby by reference.

18. Plaintiff ANA RAMIREZ contends that this action is appropriate for class action status because each named Defendant herein has acted in the same manner with regards to all members of the Plaintiff class. The Defendants had a number of worksites at different locations for janitorial services for various businesses that receive and place goods into the stream of commerce.

## V.
## FACTS

19. At all times relevant to this action, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*.

20. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

21. Defendants employed Plaintiff ANA RAMIREZ beginning in March 2005 and ending in October 2007.

22. Plaintiff RAMIREZ worked for Defendants as a "custodian"/ "janitor"/ "cleaner" and was paid bi-weekly with a progression of hourly rates: $5.40 per hour to $5.60 per hour to $6.00 per hour.

23. As a "custodian"/ "janitor"/ "cleaner", Plaintiff has performed, during a significant period of most days, what was or is otherwise work performed by "hourly" or non-exempt

employees because the job required it and the Defendants' upper echelon management demanded it.

24. During all or part of the past three years, while working for the Defendants as "custodian"/ "janitor"/ "cleaner", Plaintiff has been required to work overtime hours in excess of forty (40) hours worked during each and every seven-day (7) workweek.

25. In fact, during the weeks, Plaintiff ANA RAMIREZ routinely worked the following shift: 13 hours daily from 2:00 pm to 3:00 a.m., Monday through Sunday. During these hours worked, Plaintiff has performed the functions of his job, which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' upper echelon management demanded it.

26. Similarly, during at least the past three years, all of Defendants' "custodian"/ "janitor"/ "cleaner" or any other non-exempt hourly employees at different worksite locations were routinely required to work in excess of forty (40) hours per week to perform the function of their job which included the performance of duties otherwise typically performed by "hourly" paid non-exempt employees because the job required it and the Defendants' upper echelon management demanded it.

## VI.
## UNPAID OVERTIME COMPENSATION

27. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

28. Plaintiff ANA RAMIREZ, and all others similarly situated are considered non-exempt employees.

29. Plaintiff ANA RAMIREZ, and all others similarly situated are entitled to overtime pay for all hours in excess of forty (40) worked during each seven-day (7) workweek.

30. During Plaintiff ANA RAMIREZ'S employment, she routinely worked more than forty (40) hours per week.

31. In fact, during most weeks, Plaintiff ANA RAMIREZ worked at least a thirteen (13)-hour shifts seven (7) days a week.

32. Even though Plaintiff ANA RAMIREZ, and all others similarly situated, worked well in excess of forty (40) hours per week for most weeks of their employment, Defendants have failed to pay Plaintiff ANA RAMIREZ, and all others similarly situated, for the vast majority of those hours worked in excess of forty (40) per week.

33. Defendants have violated 29 U.S.C. § 201 *et seq*. by failing to pay the Plaintiff and all other similarly situated employees "overtime" pay for all hours worked in excess of 40 hours per week.

34. Defendants have not made a good faith effort to comply with the FLSA.

35. In fact, Defendants have fraudulently misrepresented on each pay record the true overtime hours worked by Plaintiff and all other similarly situated employees.

36. Each Defendant's conduct was willful within the meaning of 29 U.S.C. § 255(a).

37. In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number of hours worked per workweek, by Plaintiff and by all other similarly situated employees.

38. Rather than designating a workweek entailing seven consecutive twenty-four (24) hour periods starting on any day and hour for determining the workers' hourly earnings and overtime worked, Defendants split the workweek to avoid paying Plaintiff and all others

similarly situated their entire overtime. See 29 C.F.R. § 516; 29 C.F.R. §§ 788.103-106; 29 C.F.R. § 785.

39. No exemption excused the Defendants from paying Plaintiff ANA RAMIREZ, and all others similarly situated, overtime pay for all of the hours worked over forty per week.

40. Rather, Defendants knowingly, willfully, or with reckless disregard carried out their illegal pattern or practice regarding overtime compensation owed to Plaintiff ANA RAMIREZ, and to all other similarly situated employees.

41. Plaintiff ANA RAMIREZ, and all others similarly situated seek an amount of backpay equal to the unpaid overtime compensation from the date they commenced employment for the Defendants until the date of trial.

42. Plaintiff ANA RAMIREZ, and all others similarly situated also seek an additional equal amount as liquidated damages, as well as reasonable attorney's fees and costs as provided for by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## VII.
## COLLECTIVE ACTION ALLEGATIONS

43. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

44. Other employees have been victimized by this pattern, practice, and policy of the Defendants that is in violation of the FLSA.

45. Thus, from discussion with Defendants, Plaintiff ANA RAMIREZ is aware that the illegal practices and policies of Defendant have been imposed on other workers.

46. Other, similarly situated employees are being denied their lawful wages.

47. Accordingly, each Defendant's pattern or practice of failing to pay the employee's overtime pay (at time and one-half) as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Members of the Class.

48. Thus, Plaintiff ANA RAMIREZ'S experience is typical of the experience of the Members of the Class.

49. The specific job titles or job requirements of the various Members of the Class do not prevent collective treatment.

50. All employees, regardless of their job requirements or rates of pay, who are denied overtime compensation for hours worked in excess of forty (40) per week, are similarly situated.

51. Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

52. All current and former "custodian"/ "janitor"/ "cleaner", and any other non-exempt hourly employees of Defendants' convenience stores, gas stations, and general car care facilities who at any time during the three years prior to the date of filing of this action to the date of judgment who were denied overtime pay for hours worked in excess of forty (40) in any given workweek are properly included as Members of the Class.

## VIII.
## ATTORNEY FEES

53. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully rewritten herein.

54. Plaintiff ANA RAMIREZ, and all others similarly situated are entitled to recover attorney's fees and costs for bringing this action pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201 *et seq*.

## IX.
## JURY DEMAND

55. Plaintiff ANA RAMIREZ, and all others similarly situated make a formal demand for a jury trial in the matter discussed above.

## X.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff ANA RAMIREZ, and all others similarly situated respectfully request that upon final hearing, the Court grant Plaintiff ANA RAMIREZ, and all others similarly situated relief as follows:

a. Declare that Defendants have violated the Fair Labor Standards Act, specifically 29 U.S.C. § 207, by failing to pay Plaintiff ANA RAMIREZ, and all other similarly situated employees' overtime pay at one and one half times their regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

b. Enjoin Defendants from failing to pay Plaintiff ANA RAMIREZ and all others similarly situated at one and one half times their regular hourly rates for all hours in excess of forty (40) worked in each seven-day (7) work period.

c. Order Defendants to pay Plaintiff ANA RAMIREZ, and all others similarly situated the difference between what they should have received for overtime hours worked during the relevant period and what they were actually paid, together with an equal amount as liquidated damages.

d. Order Defendants to pay Plaintiff ANA RAMIREZ, and all others similarly situated pre-judgment interest for all backpay amounts awarded.

e. Order Defendants to pay Plaintiff ANA RAMIREZ'S, and all other similarly situated employees' reasonable attorney's fees and costs pursuant to 29 U.S.C. § 216(b).

f. Order Defendants to pay post-judgment interest at the highest lawful rate for all amounts, including attorney fees, awarded against the Defendants.

g. Order all further relief, whether legal, equitable or injunctive, as may be necessitated to effectuate full relief to ANA RAMIREZ, and to all others similarly situated.

Respectfully submitted,

**MOORE & ASSOCIATES**

By: /s/ Melissa Moore

**Melissa Ann Moore**
State Bar No. 24013189
Federal Id. No. 25122
**Rochelle Owens**
State Bar No. 24048704
Federal Id. No. 590507
Lyric Centre
440 Louisiana Street, Suite 710
Houston, Texas 77002
Telephone: (713) 222-6775
Facsimile: (713) 222-6739

**ATTORNEYS FOR PLAINTIFF**